UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff, <br><br> v. <br><br> JW WORLD ENTERPRISES, INC. BEST WESTERN BAKERSFIELD NORTH, <br><br> Defendant. | Case No.: 1:19-cv-01096-DAD-JLT <br><br> FINDINGS AND RECOMMENDATIONS GRANTING MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. 20) |

Plaintiff seeks default judgment against JW World Enterprises, Inc. Best Western Bakersfield North (Doc. 20), and the defendant has not opposed this motion. For the following reasons, the Court recommends the motion for default judgment against defendant be **GRANTED**.

## I.     Relevant Procedural History

On August 12, 2019, the plaintiff initiated this action related to alleged violations of the Americans with Disabilities Act. (Doc. 1) The plaintiff served the summons on September 6, 2019, but the defendant failed to file a responsive pleading as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

Upon motion by the plaintiff, the Court entered the Clerk's Certificate of Entry of Default against defendant on March 12, 2020. (Docs. 17, 18.) On November 16, 2020, plaintiff filed the motion now pending before the Court seeking default judgment against defendant JW World Enterprises, Inc. Best Western Bakersfield North. (Doc. 20.)

1

## II.     Legal Standards Governing Entry of Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 11 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment." Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. Id. at 1472.

## III.    Plaintiff's Allegations

Plaintiff asserts he is a retired veteran and disabled individual who brought this action pursuant to the Americans with Disabilities Act 42 U.S.C. § 12101 et seq., the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52, California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3 and negligence. (Doc. 20 at 1.) Plaintiff alleges that he is a veteran and a legally disabled person by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee. (Doc. 1 at 1.) Plaintiff alleges that he suffers from these physical impairments, which substantially limit his major life activities. (Id. at 2.) Plaintiff

alleges that he walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. (Id.) Plaintiff further alleges that his impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony. (Id.)

According to plaintiff, defendant owns and/or operated a hotel at 2620 Buck Own Blvd., Bakersfield, CA, 93308 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh. (Doc. 20 at 2-3.) In advance of his travel, Plaintiff alleges that he visited "first and third party websites" and determined the websites were not accessible according to 36 CFR 36.302(e).[1] (Id. at 2-3.) He asserts that the websites did not provide enough detail to let him determine whether the hotel was accessible. (Id. at 3.)

Plaintiff alleges that he traveled to Bakersfield on June 5, 2020[2]. (Id. at 1.) He alleges that the hotel was not suitable to accommodate his disability and was "replete with numerous accessibility barriers." (Id. at 3.) Plaintiff asserts that he encountered an unmarked passenger drop off zone, no disability parking closest to the entrance, unsecured carpets, inaccessible check in counter, inaccessible vending, improperly configured handlebars, inadequate dispersion of accessible parking, and an inaccessible breakfast bar. (Doc. 1 at 3, 8-10.) Plaintiff asserts that as a result of these deficiencies, he declined to book a room at defendant's hotel and booked a room elsewhere. (Id. at 3.)

**IV.    Discussion and Analysis**

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting plaintiff's motion for default judgment.

A.    Prejudice to plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See Pepsico, Inc., 238 F.Supp.2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. Id.; Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds

---

[1] The plaintiff's motion does not provide evidence as to the manner in which the websites were insufficient. The complaint concludes only that the "websites fail to provide information required by 28 CFR § 36.302(e)." (Doc. 1 at 9) The Court declines to guess at the websites' failures.

[2] This date appears to be a typographical error (Doc. 1 at 3)

3

plaintiff would be prejudiced if default judgment is not granted.

B.     Merits of plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together. See J & J Sports Productions v. Hernandez, 2010 U.S. Dist. LEXIS 48191, at *3, n. 4 (E.D. Cal. May 17, 2010). The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." Pepsico, Inc., 238 F.Supp.2d at 1175 (citing Kloepping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786, at *6 (N.D. Cal. Feb. 14, 1996)).

1.     Americans with Disabilities Act

Title III of the ADA prohibits discrimination by public accommodations, and provides in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Discrimination under Title III includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C., § 12182(b)(2)(A)(iv). To state a claim for discrimination due to an architectural barrier, a plaintiff must also establish "(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Johnson v. Beahm, 2011 WL 5508893 *2 (E.D. Cal. Nov. 8, 2011) (quoting Parr v. L&L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1085 (D. Haw. 2000)).

*a.     Plaintiff's disability*

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities as defined by the ADA

include walking and standing. Id., § 12102(2)(A). Plaintiff alleges that he is a legally disabled person by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee. (Doc. 1 at 1.) Plaintiff alleges that he suffers from these physical impairments, which substantially limit his major life activities. (Id. at 2.) Plaintiff alleges that he walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. (Id.) Plaintiff further alleges that his impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony. (Id.) Given that plaintiff's physical impairment limits his ability to stand and walk, the Court finds he is disabled within the meaning of the ADA.

   *b.  Defendant's ownership of a place of public accommodation*

Plaintiff alleges that defendant owns, operates or leases a lodging business located at 2620 Buck Owens, Blvd., Bakersfield, CA 93308, which is a public accommodation. (Doc. 1 at 2.) Because JW World Enterprises, Inc. Best Western Bakersfield North are owners of the lodging business at issue, plaintiff has established the defendant is the owner of a place of public accommodation.

   *c.  Denial of access and presence of architectural barriers*

The next two elements of an ADA architectural barriers claim require the Court to evaluate whether architectural barriers worked to discriminate against the plaintiff on account of physical disability. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) ("an ADA plaintiff suffers an injury-in-fact either because discriminatory architectural barriers deter him from returning to a facility or because they otherwise interfere with his access to the facility").

Plaintiff asserts that he encountered an unmarked passenger drop off zone, no disability parking closest to the entrance, unsecured carpets, inaccessible check in counter, inaccessible vending, improperly configured handlebars, inadequate dispersion of accessible parking, and an inaccessible breakfast bar. (Doc. 1 at 3, 8-10.) Accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. See 28 C.F.R., Part 36, Appendix D, ADAAG, § 4.6.2. In addition, paths of travel require "accessible routes" without "stairs, steps, or escalators;" at least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger

loading zones, and public streets or sidewalks to the accessible building entrance they serve. ADAAG §§ 4.3.2(1), 4.3.8. Further, if a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm), then it shall have handrails on both sides, with continuous gripping surfaces and the handrail should not rotate within their fittings. ADAAG § 4.8.5. Thus, plaintiff has carried his burden to identify architectural barriers in violation of the ADA standards at JW World Enterprises, Inc. Best Western Bakersfield North.

   d. *Removal of the barriers*

A plaintiff must establish that removal of an architectural barrier "is readily achievable" to state a cognizable claim for a violation of the ADA. See 42 U.S.C. § 12182(b)(2)(A)(iv); Johnson, 2011 WL 5508893 at *2. The term "readily achievable" means it is "easily accomplishable and able to be carried out without much difficulty or expense." Id., § 12181(9). In general, whether removal "is readily achievable" requires the Court to consider:

(A) the nature and cost of the action needed under this Act;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 USCS § 12181(9).

Although plaintiff does not offer any information regarding these factors, the federal regulations make it clear that the barriers identified by plaintiff are of the type presumed to be readily removable. Under 28 C.F.R. § 36.304(c), examples of "measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation" include "installing an entrance ramp, widening entrances, and providing accessible parking." Moreover, plaintiff's allegation that the removal of barriers is readily achievable is sufficient at this juncture. See Johnson v. Hall, 2012 WL 1604715 *3 (E.D. Cal. May 7, 2012) (finding the plaintiff's allegation that the barriers were

"readily removable" and that he sought "injunctive relief to remove all readily achievable barriers" satisfied his burden); Johnson v. Beahm, 2011 WL 5508893, *3 (E.D. Cal. Nov. 8, 2011) (holding the plaintiff's allegation that architectural barriers were readily removable was sufficient because it was accepted as true on default); see also Sceper v. Trucks Plus, 2009 WL 3763823 *4 (E.D. Cal. Nov. 3, 2009) (granting default judgment on an ADA claim although the plaintiff did "not specifically allege that removal of barriers was readily achievable," and pled instead that the defendants "were required to remove architectural barriers"). Accordingly, the Court finds removal of the barriers identified by plaintiff is "readily achievable" within the meaning of the ADA.

  *e.*  *Conclusion*

Based upon the foregoing, the Court finds that plaintiff has carried the burden to state a prima facie discrimination claim in violation of Title III of the ADA.

  2.  California's Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

Significantly, any violation of the ADA also is a violation of California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Molski, 481 F.3d at 731 ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act"). However, to be entitled to statutory damages under the Unruh Act, the plaintiff must demonstrate the barriers resulted in "difficulty, discomfort or embarrassment" Cal.Civ. Code § 55.56(b).

C.  Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." Pepsico, Inc., 238 F.Supp.2d at 1176. When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is

disfavored. See Eitel, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

Plaintiff is seeking an award of monetary damages in this case in the amount of $44,000 and costs and expenses totaling $469. (Doc. 20 at 10, 12.) This amount is well beyond the statutory minimum under Cal. Civ. Code §§ 52 and 54.3 for violations of the Unruh Act and the California Disabled Persons Act. Because the statutes do not contemplate such an award, the amount sought is not proportional to the harm caused by the defendant's alleged violations. Therefore, this factor weighs against entry of default judgment.

D.     Possibility of dispute concerning material facts

There is no evidence of a genuine issue of material fact because the Court accepts the factual allegations in the complaint as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Notably, the defendant has submitted nothing to contradict them.

The plaintiff served defendant JW World Enterprises, Inc. Best Western Bakersfield North on September 6, 2019, and the defendant was given ample opportunity to respond to the complaint and to participate in the proceedings. After plaintiff moved for default judgment, defendant still failed to respond. Accordingly, this factor weighs in favor of granting default judgment.

E.     Whether default was due to excusable neglect

The sixth Eitel factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. Eitel, 782 F.2d at 1471-72. Plaintiff properly served defendant JW World Enterprises, Inc. Best Western Bakersfield North with the summons and complaint, yet defendant made no appearance in this matter and failed to respond to the present motion. There is no suggestion that this failure is due to excusable neglect. See Shanghai Automation Instr. Co. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect). Thus, this factor also weighs in favor of entry of default judgment because defendant has failed to make any appearance in this case.

F.     Policy favoring decisions on the merits

The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. Eitel, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a

decision on the merits is "impractical, if not impossible." Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, given defendant's failure to appear or respond in any way, this factor does not preclude entry of default judgment. Id. at 393.

G.   Conclusion

Based upon the foregoing, the Court finds the Eitel factors weigh in favor of granting default judgment and, therefore, recommends the motion for default judgment be **GRANTED**.

**V.   Relief Requested**

Plaintiff seeks injunctive relief, statutory damages, and costs and expenses for the violations under the ADA, Unruh Act, and California Disabled Persons Act. (See Doc. 1; Doc. 20.) Unlike the ADA, the Unruh Act and California Disabled Persons Act permit the recovery of monetary damages. See Molski, 481 F.3d at 731; Cal. Civ. Code §§ 52, 54.3.

A.   Statutory Damages

Plaintiff seeks statutory damages for the defendant's violations of the Unruh Act and California Disabled Persons Act. (Doc. 1 at 3-6.) The Unruh Act provides that a plaintiff subjected to discrimination is entitled to recover $4,000.00 for each occasion on which he was denied equal access. Cal. Civ. Code § 52(a). Similarly, the California Disabled Persons Act provides for statutory damages in the amount of $1,000.00. Cal. Civ. Code § 54.3. "Proof of actual damages is not a prerequisite to recovery of statutory minimum damages." Hubbard v. Rite Aid Corp., 433 F.Supp.2d 1150, 1170 (S.D. Cal. 2006) (citing Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000)). To recover statutory damages, a plaintiff must only show that he was "denied full and equal access," not that he was "wholly excluded from enjoying Defendant's services." Id. (citing Hubbard v. Twin Oaks Health and Rehab. Center, 408 F.Supp.2d 923, 932 (E.D. Cal. 2004). Pursuant to Cal. Civ. Code § 55.56(b), "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b). A plaintiff shows he was deterred from accessing a place of public accommodation where:

> (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.

> (2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion.

Cal. Civ. Code § 55.56(d). Thus, a plaintiff may recover statutory damages even if he does not enter a facility. Botosan, 216 F.3d at 835.

Plaintiff asserts that he went to JW World Enterprises, Inc. Best Western Bakersfield North in June 2019 and encountered barriers identified in his complaint. (Doc. 1 at 3, 8-10.) He asserts that he encountered an unmarked passenger drop off zone, no disability parking closest to the entrance, unsecured carpets, inaccessible check in counter, inaccessible vending, improperly configured handlebars, inadequate dispersion of accessible parking, and an inaccessible breakfast bar. (Id.) Plaintiff claims that as a result of these deficiencies, plaintiff declined to book a room at defendant's hotel and booked a room elsewhere. (Id. at 3.) However, he fails to provide any evidence or explanation how the barriers "actually denied" him full and equal access and the Court declines to speculate. Notably, though the plaintiff's complaint provides photos[3], they are grainy such that the Court cannot determine how the areas depicted constitute barriers, even if the Court had the requisite expertise to do so. (Doc. 1 at 9-10) The complaint also fails to explain how these areas constitute barriers.

On the other hand, California law does not provide for statutory damages for every *violation* encountered, but it awards these damages for every *occasion* the plaintiff was denied full and equal access. California's Civil Code § 55.56(f) reads,

> (f) Statutory damages may be assessed pursuant to subdivision (a) based on each particular occasion that the plaintiff was denied full and equal access, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred. If the place of public accommodation consists of distinct facilities that offer distinct services, statutory damages may be assessed based on each denial of full and equal access to the distinct facility, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred.

See, e.g., Vogel v. Kafco P'ship, 2019 U.S. Dist. LEXIS 228406, at *9 (C.D. Cal. Sep. 25, 2019); Langer v. Santini, 2019 U.S. Dist. LEXIS 209788 (C.D. Cal. Aug. 22, 2019). Furthermore, Schutza v.

---

[3] The photos are grainy such that the Court cannot determine how the areas depicted constitute barriers, even if the Court had the requisite expertise to do so. (Doc. 1 at 9-10) The complaint also fails to explain how these areas constitute barriers.

10

Walter E. Fielder, Inc., 2018 U.S. Dist. LEXIS 229417, at *15 (S.D. Cal. Oct. 18, 2018), clarifies: Another notable provision limits statutory damages to one assessment per occasion of discrimination, regardless of the number of violations, whereas the statute was previously ambiguous as to how to calculate damages. See Cal. Civ. Code § 55.56(f) (limiting damages to "each occasion" that plaintiff was denied accommodations "and not upon the number of violations").

Even still, the plaintiff alleges only being deterred from visiting the hotel on one occasion. See Feezor v. Del Taco, Inc., 431 F.Supp.2d 1088, 1090 (S.D. Cal. 2005) ("[A] disabled plaintiff can recover the statutory minimum each time a defendant's noncompliance with the ADA and [the Act] deterred the plaintiff from visiting a particular establishment" (citing Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004); Arnold v. United Artists Theatre Circuit, 866 F.Supp. 433, 439 (N.D. Cal. 1994))).

Liberally construed, the Court finds the plaintiff's showing is sufficient to establish he encountered barriers identified in the complaint, and he was deterred from using the services of a place of public accommodation, though he does not demonstrate how each of the barriers cause the deterrence. Accordingly, an award of the requested statutory minimums under the Unruh Act and California Disabled Persons Act is appropriate, and the Court recommends plaintiff's request for an award in the amount of $4,000.00 be **GRANTED**.

B.      Injunctive Relief

The court may grant injunctive relief for violations of California law under Civil Code § 52.1(h). To be entitled to injunctive relief under 42 U.S.C. § 12188(a)(2), a plaintiff must show the defendants have violated the Americans with Disabilities Act Accessibility Guidelines. Where the plaintiff meets this burden, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities. . ." Id.; see also Moeller v. Taco Bell, 816 F.Supp.2d 831, 859 (N.D. Cal. 2011).

A plaintiff is not required to satisfy other prerequisites generally necessary for injunctive relief since "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." Moeller, 816 F.Supp.2d at 859 (quoting Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d

1165, 1175-76 (9th Cir. 2010)). Thus, injunctive relief is proper when architectural barriers at a defendant's establishment violate the ADA and removal of the barriers is readily achievable. See, e.g., Moreno v. La Curacao, 463 Fed. App'x. 669, 670 (9th Cir. Dec. 23, 2011); Johnson, 2011 WL 2709365 *3; Sceper, 2009 WL 3763823 at *4.

As discussed above, plaintiff has stated a viable Title III discrimination claim, including that the removal of the barriers at JW World Enterprises, Inc. Best Western Bakersfield North is readily achievable. Injunctive relief compelling defendant to provide disability access to the facility in accordance with the ADAAG is appropriate. See 42 U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

C.     Request for Costs and Expenses

Plaintiff also seeks an award of costs and expenses in the amount of $469.00. (Doc. 20 at 10, 12.) Both the ADA and Unruh Act authorize the award of costs for an action. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff is proceeding *pro se* in this action, and he reports that he paid $400.00 for the filing fee and $69.00 for service of process. (Doc. 20 at 10.) These litigation expenses may be awarded as costs to plaintiff. See Alvarado v. Nederend, 2011 WL 1883188 at *10 (E.D. Cal. Jan. May 17, 2011) (explaining "filing fees, mediator fees . . . , ground transportation, copy charges, computer research, and database expert fees" are typically identified as litigation costs); Moore, 2017 WL 1079753 at *8 (holding a plaintiff "may recover expenses for postage, courier services, and online research under the ADA"). Accordingly, the Court recommends plaintiff's request for $469.00 in costs be **GRANTED**.

**VI.    Findings and Recommendations**

Based on the foregoing analysis, the Eitel factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. See Aldabe, 616 F.2d at 1092. Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's motion for default judgment against defendant JW World Enterprises, Inc. Best Western Bakersfield North be **GRANTED**;
2. Plaintiff be **AWARDED** statutory damages in the amount of $4,000.00;
3. Plaintiff be **AWARDED** costs in the amount of $469.00; and

4. Plaintiff be **GRANTED** an injunction requiring defendant to provide compliant accessible parking spaces and accessible path of travel at the property located at 2620 Buck Own Blvd., Bakersfield, CA, 93308 in accordance with the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Accessibility Guidelines.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **December 31, 2020**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE